UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDWARD S. WALSH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 5:05 CV 2235 JCH |
| ) | |
| LARRY DENNY, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Missouri state prisoner Edward Walsh's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.[1]

After a jury trial, Walsh was convicted in the Circuit Court of St. Louis County on December 19, 2002 of one count each of tampering with a victim, violating an order of protection, third degree domestic assault, and harassment. (§ 2254 Motion, at 1). His conviction was affirmed by the Missouri Court of Appeals on January 21, 2004. He requested post-conviction relief on the grounds of ineffective assistance of counsel by filing in the Circuit Court of St. Louis County. The court held an evidentiary hearing on November 4, 2004, and issued a decision denying his petition on December 5, 2005. (Id. at 5-6; Supplemental Information to Petition, Doc. No. 12, at 1). Walsh has not yet appealed this decision to the Missouri Court of Appeals.

The federal habeas statute requires persons in state custody seeking federal habeas relief first to exhaust available state remedies. Wayne v. Mo. Bd. of Prob. and Parole, 83 F.3d 994, 996 (8th Cir. 1996).[2] The "exhaustion requirement 'is grounded primarily upon the respect which federal

---

[1] The petition was originally filed in the Western District of Missouri on November 14, 2005, and was transferred to this district on November 29, 2005.

[2] 28 U.S.C. §2254 provides in relevant part:
(b)(1) An application for a writ of habeas corpus on behalf of a person in custody

courts have for the state judicial processes and upon the administrative necessities of the federal judiciary.'" Victor v. Hopkins, 90 F.3d 276, 279 (8th Cir. 1996) (quoting Wade v. Mayo, 334 U.S. 672, 679 (1948)). "It is the duty of this Court to give preference to such principles and methods of procedure as shall seem to conciliate the distinct and independent tribunals of the states and of the Union, so that they may co-operate as harmonious members of a judicial system co-extensive with the United States, and submitting to the paramount authority of the same constitution." Victor, 90 F.3d at 279 (internal quotations omitted). This Court may, however, grant habeas relief in "special circumstances, even though the petitioner did not exhaust state remedies." Chitwood v. Dowd, 889 F.2d 781, 784 (8th Cir. 1989).

Walsh admits that he has failed to exhaust his remedies, but argues that special circumstances exist. He asserts that the year-long delay in the state court's issuance of an opinion, combined with the additional year that it will take him to pursue the appeal through the Missouri courts, excuses his failure to exhaust his remedies in state court. In a very similar situation, the Eighth Circuit found no special circumstances existed to waive the requirement of exhaustion. In Jones v. Solem, 739 F.2d 329 (8th Cir. 1984), the South Dakota state court took a year to issue a decision in the petitioner's post-conviction relief case. The petitioner argued that this delay, along with the additional time that it would take to pursue an appeal, excused her failure. In addition, petitioner in Jones would probably be paroled shortly after the state court appeal was completed. The Eighth Circuit held that the petitioner was still lacking "the existence of some additional factor (for example, that 'state delay is

---

pursuant to the judgment of a State court shall not be granted unless it appears that--
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B)(i) there is an absence of available State corrective process; or
    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

a result of discrimination against the petitioner,' or that the State has been 'unnecessarily and intentionally dilatory')." Jones, 739 F.2d at 331 (quoting Mucie v. Mo. State Dep't. of Corr., 543 F.2d 633, 636 (8th Cir.1976)).  Like the petitioner in Jones, Walsh alleges that the delay in issuing a decision in his case as well as the additional time to appeal allows him to waive the exhaustion requirement.  This is not adequate to show the special circumstances required by Mucie to waive the exhaustion requirement.  Jones, 739 F.2d at 331

The Court finds that Petitioner has failed to exhaust his claims in the Missouri state courts.  As stated above, a petitioner must exhaust his state law remedies before the federal court can address the merits of his claims in a habeas petition.  28 U.S.C. §2254(b)(1).  Petitioner's Petition must therefore be dismissed.  Rose v. Lundy, 455 U.S. 509 (1982).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Petitioner will not be granted a certificate of appealability with respect to the claim raised in his Petition for Writ of Habeas Corpus at this time.

Dated this 20th day of January, 2006.

                                                /s/ Jean C. Hamilton
                                                UNITED STATES DISTRICT JUDGE